UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR KARL T. LIMPIN,<br><br>                               Petitioner,<br><br>v.<br><br>MR. FIGUEROA, Warden,<br><br>                               Respondent. | Case No.: 16-CV-1438-AJB-BLM<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>(Doc. No. 1) |

Presently before the Court is Petitioner Melchor Karl T. Limpin's ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter is fully briefed. (Doc. Nos. 3, 8.) After a thorough review of the papers and applicable law, the Court **DENIES** the petition for writ of habeas corpus.

### BACKGROUND

Petitioner is a native and citizen of the Philippines. (Doc. No. 3-1 at 2.)[1] Petitioner adjusted to lawful permanent resident status in the United States on February 20, 1996. (*Id.* at 4.) On January 24, 2015, Petitioner pled guilty to possessing methamphetamine for sale

---

[1] The Court cites to the blue CM/ECF-generated document and page numbers located at the top of each page.

1

in violation of California Health and Safety ("H&S") Code section 11378. (*Id.*) He was sentenced to 365 days in jail and three years of probation. (*Id.*)

On July 29, 2015, the Department of Homeland Security ("DHS") took Petitioner into custody pursuant to a warrant of arrest of alien. (*Id.*) At that time, Petitioner was on GPS with San Diego probation. (*Id.*) DHS initiated removal proceedings, charging Petitioner with removability pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) (an alien convicted of a controlled substance offense) and 8 U.S.C. § 1227(a)(2)(A)(iii) (an alien convicted of an aggravated felony). (*Id.* at 5–8.)

On August 20, 2015, at a *Preap*[2] bond hearing, Immigration Judge Robert McSeveney ("IJ") denied Petitioner's request for a change in custody status, finding Petitioner is a danger to the public. (Doc. No. 1 at 10; Doc. No. 3-1 at 9; Doc. No. 8 at 9.) On February 11, 2016, the IJ denied Petitioner's applications for relief from removal and ordered him removed to the Philippines. (Doc. No. 3-1 at 10–28.) Petitioner's motion to reconsider was denied on March 14, 2016. (*Id.* at 29–30.) Thereafter, on March 23, 2016, Petitioner was afforded a *Rodriguez*[3] bond hearing, at which time the IJ again denied Petitioner's request for a change in custody status on the basis that Petitioner is a danger to the community and a flight risk. (Doc. No. 1 at 11; Doc. No. 3-1 at 31, 34–37.) Petitioner moved for reconsideration of the IJ's denial of bond, which was denied on April 4, 2016. (Doc. No. 3-1 at 32–33.) Petitioner appealed the removal order to the Board of Immigration Appeals, and his appeal remains pending. (Doc. No. 3 at 2; *see* Doc. No. 1 at 2.)

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner challenges the constitutionality of his continued detention, asserting that the IJ and DHS attorney, while acting under color of law, denied him due process by failing to order him immediately released by virtue of his membership in the

---

[2] *Preap v. Johnson*, 303 F.R.D. 566 (N.D. Cal. 2014).
[3] *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013). *Rodriguez* requires that aliens detained for a period longer than six months be given an individualized bond hearing.

*Preap* class. (*Id.*) Respondent filed a response, and Petitioner filed a traverse. (Doc. Nos. 3, 8.) This order follows.

## **LEGAL STANDARD**

United States district courts may grant writs of habeas corpus to prisoners "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). Pursuant to § 2241, alien detainees can properly challenge "the extent of the Attorney General's authority" to detain a removable alien under the general detention statutes. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The REAL ID Act of 2005 amended the Immigration and Nationality Act ("INA") and vests jurisdiction over final removal orders with the court of appeals. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075–76 (9th Cir. 2006). The Real ID Act does not divest the district court of jurisdiction because the Act was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011) (citation omitted). Here, Petitioner challenges his continued detention and not the validity of a final order of removal. Therefore, this Court has jurisdiction under 28 U.S.C. § 2241 to consider his petition.

It is established that the district court is precluded from reviewing the Attorney General's discretionary authority. *See* 8 U.S.C. § 1226(e); *Romero-Torres v. Ashcroft*, 327 F.3d 887, 891–92 (9th Cir. 2003). However, this does not deprive a court of jurisdiction to review claims that the Attorney General's discretion was not exercised in accordance with the Constitution. *Gutierrez-Chavez v. I.N.S.*, 298 F.3d 824, 829–30 (9th Cir. 2002). The Court's jurisdiction is limited to reviewing whether the denial of discretionary relief involved a violation of federal law or the Constitution. *Id.* Moreover, any challenge to an IJ's discretionary determination must present a colorable, constitutional claim. *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). "To be colorable in this context, the alleged violation need not be substantial, but the claim must have some possible validity." *Id.* (citation omitted). In this case, Petitioner alleges that his constitutional due process

rights were violated at his bond hearing. Therefore, the Court may review Petitioner's constitutional challenges to his bond hearing.

## DISCUSSION

The crux of Petitioner's assertion is that the IJ deprived him of due process of law when the IJ refused to grant him bond or otherwise release him. (Doc. No. 8 at 4.) According to Petitioner, the district court in the *Preap* class action ordered that all class members be released on their own recognizance, under intensive supervision, or on bond. (*Id.* at 3.) However, Petitioner's understanding of *Preap* is wrong. In that case, the district court concluded that aliens can be mandatorily detained under 8 U.S.C. § 1226(c)[4] only if they were detained immediately upon release from custody. *Preap*, 303 F.R.D. at 571, 579. If an alien was not detained immediately upon release from custody, the district court concluded that the alien could not be mandatorily detained under § 1226(c), but rather could only be detained under § 1226(a).[5] *Id.* at 579. Pursuant to that section, "the Government [has] discretion to release an individual on his own recognizance or on bond while his removal case is pending if the Government determines that release would not present a risk of flight or a danger to the community." *Id.* at 574; *see* 8 U.S.C. § 1226(a)(2) ("the Attorney General—*may* release the alien on—[] bond" (emphasis added)).

Accordingly, a plain reading of *Preap* does not afford Petitioner the relief he seeks from the Court. Rather, all the relief that *Preap* granted class members was a bond hearing under 8 U.S.C. § 1226(a). It is indisputable that Petitioner received this bond hearing. That the IJ ultimately denied Petitioner bond on the basis of being a danger to the public is not reviewable by this Court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court

---

[4] This section provides for mandatory detention of aliens rendered inadmissible or deportable for having committed certain enumerated offenses "when the alien is released[.]" 8 U.S.C. § 1226(c).

[5] This section provides for discretionary arrest and detention "[o]n a warrant issued by the Attorney General," as well as discretionary release on bond. 8 U.S.C. § 1226(a).

may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."). Because Petitioner was afforded all the process he was due under *Preap* and § 1226(a), the petition is **DENIED**.

## CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus is **DENIED**. (Doc. No. 1.) This case is now **CLOSED**.

**IT IS SO ORDERED.**

Dated: August 4, 2017

Hon. Anthony J. Battaglia
United States District Judge